[Civ. No. 3555. First Appellate District, Division One.—November 24, 1920.]

MARIN ROCK COMPANY (a Corporation), Appellant, v. E. B. & A. L. STONE COMPANY (a Corporation), Respondent.

[1] CONTRACT—HIGHWAY CONSTRUCTION — FURNISHING OF MATERIAL—ARRANGEMENT WITH THIRD PARTY—ABSENCE OF CONTRACTUAL RELATIONSHIP.—Where by the terms of a written contract entered into between the state and the plaintiff for highway construction the former was to furnish the necessary rock and gravel, and the defendant proposed to plaintiff that it secure a modification of the contract whereby the sand and gravel could be obtained from defendant's quarry, and the contract was modified, but with the proviso that if the materials did not come up to the specifications of the contract or were not promptly furnished or delivered the state might revert to the terms of the original contract, the defendant was under no contract to furnish the materials and not liable to plaintiff for a breach, although defendant in its correspondence offered to guarantee that it would furnish such materials provided the state placed its orders for all the sand and gravel required in the work.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

McNair & Stoker for Appellant.

Raymond Perry for Respondent.

RICHARDS, J.—This is an appeal by plaintiff from a judgment in favor of defendant after an order granting the defendant's motion for nonsuit as to the first count in the plaintiff's complaint.

The action was one sounding in damages for the alleged breach of certain contracts alleged to have been entered into between the parties, and having relation to the supplying by defendant to the plaintiff of certain road-building material for the construction of certain sections of the state

highway in the county of Santa Clara, contracts for which had been entered into between the plaintiff and the department of engineering of the state of California.

The facts upon which the plaintiff relied for a recovery under the first count in his complaint may be briefly stated as follows: On July 27, 1915, a written contract was entered into between the said department of engineering of the state of California and the plaintiff herein for the construction by the latter of a portion of the state highway in Santa Clara County between Los Gatos and San Jose. Under the terms of this contract the state, through its said engineering department, agreed to furnish all sand and gravel needed for the work f. o. b. on cars at railway points nearest the section of highway to be constructed. The plaintiff was to unload said material from said cars and haul it to the point of use at its own expense. The defendant was at the time operating a gravel quarry near the town of Campbell, not far from the line of the highway which the plaintiff was to construct, and, learning that plaintiff had been awarded said contract, proposed to plaintiff that it should secure a modification of its contract with the state, whereby the necessary sand and gravel for the construction of said section of highway could be obtained from the defendant's quarry at Campbell. The advantage to be gained by the plaintiff from such modification of its contract with the state was such as would result from the elimination of the expense to it of the unloading of freight-cars; and the advantage to be derived by the state would be that it would be relieved from the payment of the freight charges of shipping the material by railroad to the points nearest its place of use. The defendant suggested that the state would probably agree to turn over to the plaintiff such sums as it would otherwise be obliged to pay for such freight charges. The plaintiff was apparently agreeable to the plan as outlined by the defendant, and thereupon took the matter up with the state officials by letter, stating that it was willing to have its contract changed so as to provide for the delivery of said material at the defendant's bunkers at Campbell if the state would allow the plaintiff, in addition to its contract price, the amount of the freight charges which the state would otherwise have to pay. The state officials consented to this modi-

fication, and thereupon a supplemental contract was entered into between the state and the plaintiff on August 31, 1915. This contract, after reciting the fact of the existence of the earlier agreement between the parties, set forth in full the letter from the plaintiff to the state highway commission, embodying the suggested modifications thereof, and then proceeded with the agreement that the original contract should be modified in accordance with the plaintiff's proposal. It then contained the following clause: "However, it is mutually agreed that in the event the above sand and gravel does not come up to the specifications of said contract No. 146, or if said materials are not promptly furnished or delivered, or if said parties of the second part abandon or default in the performance of said contract No. 146, that the party of the first part [the state] may declare this supplemental agreement null and void, and revert to the terms of the original contract No. 146."

This supplemental agreement having been executed the defendant herein proceeded to furnish sand and gravel at its Campbell bunkers, and the plaintiff proceeded to haul the same to the state highway where the work was being done. This continued for but a short time when, by reason of breakdowns at the defendant's Campbell plant, and also by reason of the fact that the gravel furnished by it was below the standard required by the contract between the plaintiff and the state, its engineering department refused to accept further deliveries from the defendant, and proceeded to furnish material to the plaintiff from the sources and by means of the railway cars as provided in the original contract. Thereupon the plaintiff commenced this action against the defendant, and in the first count of its complaint alleged that it had been damaged by the defendant's failure to carry out the terms of its suggestion and proposal to the plaintiff which had led to the modification of the latter's contract with the state. The items of damage which the plaintiff specified under this count in its complaint were those arising from the excess of cost to it of unloading the material from the railroad cars and hauling it to the place of its use, over the cost to which it would have been put if the material had been obtained at the Campbell bunkers, and also the loss to it of a sum equal to that which would have been paid as freight by the state had its

contract with the state not been modified, and which under its modified contract the plaintiff would have been entitled to receive.

The defendant in its answer resisted these claims through the averment that no contractual relation existed between the plaintiff and the defendant, and that no such relation existed between the defendant and the state as would have required the latter to purchase material for the road construction in question from the defendant, and hence that there was no basis upon which the plaintiff's claim of damages could be predicated.

Upon the trial of the cause the foregoing facts appeared; and it further appeared that there was some correspondence between the plaintiff and the defendant, and also between the plaintiff and the officials of the state highway commission, the purport of which was that the defendant was desirous of procuring from the state orders for the supply of all sand and gravel required in the construction of said section of the highway, and in case it procured such orders was willing to guarantee to the plaintiff that it would furnish the required sand and gravel from its Campbell quarries, or, if these from any cause should fail, from its gravel-pits at Coyote. The plaintiff appears to have relied largely upon the defendant's so-called guaranties in this correspondence for its recovery. At the close of the plaintiff's case a motion for nonsuit was made by the defendants upon the ground that no such contractual relations existed between the parties as could give rise to the plaintiff's claim of a guarantee and of its breach, and hence that no liability on the part of the defendant had been shown. The court granted the said motion for a nonsuit, and from the judgment thereupon entered in the defendant's favor the plaintiff has prosecuted this appeal.

[1] We are satisfied from an examination of the record that the trial court committed no error in granting the defendant's motion for a nonsuit. Whatever contracts there were in relation to the supplying by the defendant of material for the construction of the section of the highway in question were those existing between the plaintiff and the state, by the terms of which the latter, if it saw fit to do so, might order such building material from the defendant herein. Such orders, however, were entirely de-

pendent upon whether or not the state officials were satisfied with the quality of the defendant's said material and with its delivery of the same. There was no agreement between the plaintiff and the state, or between the defendant and the state, by which the state was bound to order, or the plaintiff bound to receive, any such material from the defendant other than that which the state saw fit to order; nor was there any existing agreement between the parties by the terms of which the defendant had agreed to guarantee anything. Upon this subject there had apparently been no meeting of minds between the plaintiff and the defendant and the state, since by the very terms of the defendant's correspondence it at best only offered to guarantee that it would furnish such material provided the state placed its orders for all of the sand and gravel required in the construction of said section of the state highway. The state, however, on its part, entered into no such arrangement with the defendant as would require it to continue giving orders to the defendant for such material after its first supply thereof had proven unsatisfactory. It was for these reasons that the trial court held—and we think held correctly—that there was no such arrangement between the parties to this action as could form the basis of the claim of damages which the plaintiff asserted in the first count of its complaint. The order for nonsuit was, therefore, properly granted, and the judgment based thereon should therefore be affirmed. It is so ordered.

Waste, P. J., and Beasly, J., *pro tem.*, concurred.

A petition for a rehearing of the cause was denied by the district court of appeal on December 24, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 20, 1921.

Angellotti, C. J., Shaw, J., Lennon, J., and Olney, J., concurred.